UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY BENNETT                                    CIVIL ACTION

VERSUS                                             NO. 14-217-SS

CONSOLIDATED GRAVITY DRAINAGE
DISTRICT NO. 1

### ORDER

PLAINTIFF'S MOTION FOR A NEW TRIAL (Rec. doc. 18)

**DENIED**

On January 28, 2014, Shirley Bennett ("Bennett"), an African-American, filed a complaint against Consolidated Gravity Drainage District No. 1 ("Consolidated") under Title VII for employment discrimination. Rec. doc. 1. The parties consented to proceed before the assigned Magistrate Judge. Rec. doc. 7.

On August 7, 2014, a scheduling order was issued with deadlines for amending pleadings (October 6, 2014) and concluding discovery (May 11, 2015). Rec. doc. 9. Bennett did not seek any discovery from Consolidated. After Consolidated deposed Bennett, it filed a motion for summary judgment. Rec. doc. 12. Bennett filed an opposition with a request for leave to amend her complaint to assert new claims. Rec. doc. 15.

On May 27, 2015, the motion for leave to amend was denied and the motion for summary judgment was granted. Rec. doc. 18. A judgment dismissing Bennett's complaint was entered. Rec. doc. 19. On June 23, 2015, Bennett filed a motion for a new trial. Rec. doc. 20.

Bennett contends that the motion for leave to amend should have been granted. The Court determined that: (1) Bennett was required to proceed under Fed. R. Civ. P. 15(a); (2) before doing so she was required to demonstrate good cause to modify the scheduling order

deadline under Rule 16(b); (3) she did not demonstrate good cause (Rec. doc. 18 at 3); and (4) assuming *arguendo* that she had demonstrated good cause, the Rule 15(a) motion was denied as futile as the new claims were time-barred. In her motion for a new trial, Bennett urges that the claims are not time-barred. She fails, however, to present good cause to modify the scheduling order. Indeed she does not even mention the issue. Because she does not demonstrate good cause to modify the scheduling order, there is no need to consider her arguments on whether the new claims are time-barred.

Bennett urges that the motion for summary judgment should have been denied. In her original opposition to the motion for summary judgment, she did not respond to Consolidated's arguments that: (1) allegations of incidents occurring prior to July 6, 2012 are time-barred; and (2) she cannot present a *prima facie* case of retaliation. In her motion for new trial she does not attempt to resurrect these claims.

Bennett's motion for new trial focuses on her claim of discrimination. She does not take issue with the Court's analysis of the *prima facie* case of discrimination or challenge the conclusion that Consolidated presented legitimate nondiscriminatory reasons for the adverse employment action. At this point, Bennett must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates. Wallace v. Methodist Hosp. System, 271 F.3d 212, 220 (5th Cir. 2001).

Consolidated advanced three nondiscriminatory reasons. The Court analyzed the first of these – Bennett had a documented history of tardiness, excessive personal telephone calls, excessive personal visitors and lack of initiative. The Court determined that Bennett had not demonstrated that this reason was unworthy of belief. As a result it was not necessary to consider the second reason (Bennett's alleged responsibility for the hand sanitizer incident) or

the third reason (misleading the Personnel Committee).  Bennett, however, insists on revisiting the hand sanitizer incident and questioning how the first reason can be considered separately from the other two reasons.  She is not presenting anything new.  A rehash of her opposition to the motion for summary judgment is not a basis for a motion for new trial.  Bennett's motion for new trial is without merit.

       IT IS ORDERED that that Bennett's motion for new trial (Rec. doc. 21) is DENIED.

New Orleans, Louisiana, this 20th day of July, 2015.

                                                      **SALLY SHUSHAN**
                                                      **U.S. Magistrate Judge**